UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BARRY ABDOULAYE,<br>Defendant. | Criminal No. 06-095M-01 (AK) |

## DETENTION MEMORANDUM

The Defendant, Barry Abdoulaye, has been charged in a criminal complaint with knowingly and willfully making false statements in an application for a United States passport, in violation of 18 U.S.C. § 1542. A detention hearing was held on May 8, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

- 1 -

community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C.
§ 3142(e).

Where, as here, the offense pending against the Defendant is not a crime of violence and the
government seeks pretrial detention on the ground that no condition or combination of conditions
will reasonably assure the appearance of Defendant as required, it has the burden of establishing by
a preponderance of the evidence that the defendant will flee before trial if released.  *United States
v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986).  The judicial officer must determine that "it is more
likely than not that no condition or combination of conditions will reasonably assure an accused's
appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

The Defendant is charged with knowingly making false statements in an application for a
United States passport. In his passport application, Defendant presented a State of New York Identity
Card that was issued to him in someone else's name, in addition to a State of Georgia Birth
Certificate and Social Security Number, neither of which belonged to him, with the intent to secure
issuance of such passport.  Because the Defendant already had a New York Identity Card, he had no
need to obtain a passport simply for identification purposes.  Rather, his application for a passport
indicates that Defendant was intending to use it to leave the country and therefore is a serious risk
of flight.

The Defendant is a citizen of Bokina, Africa, and has no stable residential address in the
United States. The Defendant has maintained his most recent local address for only two months, and
a mail carrier indicated that no men, including Defendant, have been seen entering and exiting the
residence.  On his passport application, Defendant listed his mailing address as that of a National
Wholesale Liquidators store, where he was employed, instead of a residential address.  Whereas the

Defendant has weak ties to the Washington D.C. area, he has a strong incentive to flee the country to avoid prosecution.  Defendant has a fiancee and two and a half year-old son in the United States and contends that he merely planned to visit a sick step-mother in Africa and then return.  However, should Defendant leave the country,  this court would lose jurisdiction and be unable to compel his return.

### <u>Conclusion</u>

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure the Defendant's appearance at future court proceedings.  Therefore, the government's motion for pretrial detention is granted.

Dated: May _11th_, 2006                    _____/s/_____
                                                    ALAN KAY
                                                    UNITED STATES MAGISTRATE JUDGE